UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BANCSERVICES GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08CV14 CDP |
| | ) | |
| AMERICAN NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER OF REMAND

This matter is before me on plaintiff's motion to remand this action to state court. Because removal was untimely, I will grant the motion.

This lawsuit was originally filed in state court on October 10, 2003. It was not originally removable. After plaintiff amended its state-court petition on December 26, 2007 to seek damages in excess of $75,000, defendant removed this action to federal court on the basis of diversity jurisdiction. Plaintiff now seeks remand because defendant failed to file a notice of removal within one year after the commencement of this action. The relevant statutory language provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of [a] ... paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added). The one-year limit only applies to cases that were not initially removable. Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002). Courts, however, disagree about whether the one-year limit is subject to an equitable exception. See Tedford v. Warner-Lambert Co., 327 F.3d 423, 425-26 (5th Cir. 2003) (discussing disagreement). Although the Eighth Circuit Court of Appeals has not addressed this issue, it has noted that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002).

Relying heavily on the Fifth Circuit's opinion in Tedford, defendant urges me to adopt an equitable exception to the statute's one-year time limitation on removal. I decline to do so and find that the one-year limit is absolute. The plain language of § 1446(b), as well as its legislative history,[1] compels such a

---

[1]The legislative history explains:

Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

conclusion.  See Harris v.Alamo Rent-A-Car, LLC, 2007 WL 1701868, *3 (E.D. Mo. June 11, 2007);  Russaw v. Voyager Life Ins. Co., 921 F. Supp. 723, 724-25 (M.D. Ala. 1996).  Analysis of a statute must begin with its plain language, and if unambiguous, "that language is conclusive absent legislative intent to the contrary."  In re M & S Grading, Inc., 457 F.3d 898, 901 (8th Cir. 2006).

The plain language of the statute sets out an absolute one-year time limit, and I cannot contravene Congressional intent by engrafting an equitable exception into its "prohibitionary language."  Santiago v. Barre Nat'l, Inc., 795 F. Supp. 508, 510-12 (D. Mass. 1992); see also Jones Mgmt. Servs., LLC v. KES, Inc., 296 F. Supp. 2d 892, 894 (E.D. Tenn. 2003) (the "statute says what it says. Any attempt to read into the statute an equitable exception amounts to judicial legerdmain."). The legislative history acknowledges that the one-year limit "is a modest curtailment in access to diversity jurisdiction," indicating Congress' awareness that some defendants may lose access to a federal forum.  See H.R.Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.  Although strict application of the one-year limit may "lend[] itself to abuses and inequities," it "is for the Congress and not [the courts] to rewrite the provisions of section 1446(b) to curb such abuses."  Caudill v. Ford Motor Co., 271 F. Supp. 2d 1324,

---

H.R.Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.

1327 (N.D. Okla. 2003) (quoting Martine v. Nat'l Tea Co., 841 F. Supp. 1421, 1422 (M.D. La. 1993)).  This is a court of limited jurisdiction, and I cannot assert jurisdiction where Congress has not provided it.

Because defendant removed this case after the one-year time limit ran, removal was untimely.  This case must be remanded back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#12] is granted, and this case is remanded to the Circuit Court of Mississippi County, Missouri.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of February, 2008.